# UNITED STATES DISTRICT COURT

# DISTRICT OF NEW MEXICO

**CHRISTUS ST. VINCENT REGIONAL**
**MEDICAL CENTER,**

      **Plaintiff,**

**v.**                                 **No. _____**

**DISTRICT 1199NM, NATIONAL UNION OF**
**HOSPITAL AND HEALTHCARE**
**EMPLOYEES, AFL-CIO, AFSCME**

      **Defendant.**

## COMPLAINT AND PETITION FOR DECLARATORY JUDGMENT

Plaintiff, CHRISTUS St. Vincent Regional Medical Center (CSVRMC), for its cause of action against defendant District 1199NM, National Union of Hospital and Healthcare Employees, AFL-CIO, AFSCME (the "Union" or "Defendant"), states and alleges as follows:

### NATURE OF THE ACTION

1.      This is an action arising out of the defendant's breaches of the parties' collective bargaining agreement. As part of the collective bargaining process between plaintiff and defendant, the parties agreed to an election of forum clause, which seeks to avoid duplicative litigation of the same dispute in multiple fora. Despite the clear language of the parties' agreement, defendant has refused to abide by the agreement and insists on litigating a dispute concerning the same material facts both in arbitration before the Federal Mediation and Conciliation Service, and in an administrative proceeding before the National Labor Relations Board.

2.      By this action, plaintiff seeks redress for defendant's wrongful actions and a declaration that plaintiff is under no obligation to submit to arbitration with defendant. The nature of this action is a proceeding for declaratory judgment under 28 U.S.C. § 2201 and Rule 57 of the

Federal Rules of Civil Procedure for the purpose of determining a question in actual controversy between the parties, namely, the question of whether the plaintiff is obligated to arbitrate a dispute pursuant to collective bargaining agreement between the parties.

### THE PARTIES

3.      Plaintiff, CHRISTUS St. Vincent Regional Medical Center ("CSVRMC") is      a 501(c)(3) non-profit organization with its principal place of business at 455 St. Michaels Drive, Santa Fe, NM, 85405. CSVRMC is an employer within the meaning of Section 2(2) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(2).

4.      Defendant, District 1199NM, National Union of Hospital and Healthcare Employees, AFL-CIO, AFSCME (the "Union") is a labor organization with its principal office located at 1404 Taos Street, Santa Fe, NM 87504. The Union is a labor organization representing employees in industries affecting commerce within the meaning of Section 2(5) of the LMRA.

### JURISDICTION AND VENUE

5.      This Court has jurisdiction of this Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 1331. A proceeding for violation of contracts between an employer and a labor organization representing employees in an industry affected by commerce is within the jurisdiction of a federal district court under Section 301 of the LMRA, 29 U.S.C. § 185. The court also has jurisdiction to issue an order preventing submission of an issue to arbitration under 29 U.S.C. § 185.

6.      Venue lies within this judicial district pursuant to 28 U.S.C. § 1391(b).

### FACTS RELEVANT TO ALL COUNTS

7.      CSVRMC and the Union are parties to a collective bargaining agreement effective October 14, 2014 through August 31, 2017 (the "CBA").

8.     The CBA contains a bargained-for provision concerning the parties' respective rights to pursue grievances through arbitration. CSVRMC negotiated this provision with the Union in good faith.

9.     Article 30, Section 30.12 of the CBA contains an election of forum clause (the "Election of Forum Clause") which provides as follows:

> 30.12.  It is the intention of the parties that the grievance procedure set forth herein shall be the sole and exclusive remedy of the parties for any alleged breach of this Agreement.  Therefore, resort to any other remedy at law or at equity, administrative or judicial, shall constitute a waiver of the grievance.

10.     Pursuant to Article 30, Section 30.12, resort to any other forum shall constitute a waiver of the grievance.

11.     The Election of Forum Clause was negotiated by the parties in good faith and agreed to by the Union in collective bargaining.

12.     The Election of Forum Clause constitutes a lawful subject of collective bargaining under the National Labor Relations Act and applicable NLRB precedent. *See St. Joseph Hosp. Corp.*, 260 NLRB 691 (1982).

## The Discipline Grievance

13.     On July 25, 2012, January 17, 2013 and October 28, 2014, Diane Spencer, a member of the Union, was disciplined for three separate incidents for various business reasons, including but not limited to: substandard work performance, violation of company policies, and rudeness to customers/ workers.   The Union filed a grievance concerning Ms. Spencer's final warning received October 28, 2014 (the "Discipline Grievance").

14.     On or around January 26, 2015, the Union filed a demand for arbitration with the Federal Mediation and Conciliation Service ("FMCS") regarding the Discipline Grievance. The

FMCS scheduled hearings to commence on May 19, 2015 (the "Arbitration").

15.     On April 8, 2015, the Union filed an unfair labor practice charge with Region 28

of the National Labor Relations Board, Case No. 28-CA-149798 (the "Charge"). The Charge al-

leged that:

> Within the past six months the Employer has targeted Diane Spencer for dis-
> cipline and other harassment for her outspoken participation on the Union's
> bargaining committee and for other Union activities. Diane Spencer has
> played a prominent role on the bargaining committee and has served in out-
> spoken capacity representing bargaining unit members in an effort to remedy
> the Employer's staffing deficiencies.

16.     On April 23, 2015, CSVRMC advised the Union that the Arbitration scheduled

for May 19, 2015 must be cancelled pursuant to Article 30, Section 30.12.

17.     On April 24, 2015, the Union advised CSVRMC that it would not cancel the Ar-

bitration. That same day, CSVRMC advised the Union as follows:

> The Employer is abiding by the parties' Nurse Agreement, Article 30, Section
> 30.12, and honoring the Union's selection of the National Labor Relations
> Board as the forum to resolve the Spencer dispute. The Union has waived its
> grievance underlying the arbitration. Please cancel the hearing set for May 19,
> 2015.

18.     On May 7, 2015, the parties agreed to delay the May 19, 2015, Arbitration.

## The Termination Grievance

19.     On April 21, 2015, Ms. Spencer was disciplined for various business reasons, in-

cluding but not limited to: substandard work performance, violation of company policies, and

rudeness to customers/ workers.  CSVRMC terminated Ms. Spencer's employment.

20.     The Union challenged CSVRMC's decision to terminate Ms. Spencer's employ-

ment.  On April 29, 2015, the Union filed a grievance concerning Ms. Spencer's termination (the

"Termination Grievance") (collectively, with the "Discipline Grievance," the "Spencer Dis-

pute").

21.     The Termination Grievance states that CSVRMC's termination of Ms. Spencer violated Articles 2, 7, and 12 of the CBA. Article 7 addresses CSVRMC's management rights, and Article 12 addresses employee discipline. Article 2—the gravamen of the Termination Grievance—states in relevant part:

> Neither the Union nor CSVRMC shall discriminate against an associate by reason of membership or non-membership in the Union, including in the provision of any term and condition of employment covered by this Agreement.

22.     On May 13, 2015, the Union filed an amended unfair labor practice charge with Region 28 of the National Labor Relations Board, Case No. 28-CA-149798 (the "Amended Charge"), which covered all claims asserted in the Grievance and Arbitration.  The Amended Charge alleges that:

> Within the past six months the Employer has targeted Diane Spencer for discipline, **termination**, and other harassment for her outspoken participation on the Union's bargaining committee and for other Union activities. Diane Spencer has played a prominent role on the bargaining committee and has served in outspoken capacity representing bargaining unit members in an effort to remedy the Employer's staffing deficiencies. [Emphasis added to reflect amendment to initial Charge.]

23.     The Amended Charge and both grievances challenge the actions taken against Ms. Spencer on the same basis, namely that she was disciplined and terminated because of her union activities. Thus, pursuant to Article 30, Section 30.12, the Union's filing of the Amended Charge constituted a waiver of the Discipline Grievance and Termination Grievance.

24.     The NLRB conducted an investigation of the Amended Charge, found no merit to the Amended Charge, and refused to issue a complaint regarding Ms. Spencer's discipline and termination.  The Union then withdrew the Amended Charge with prejudice.  On September 25, 2015, the NLRB approved the withdrawal of the Amended Charge.

25.     On October 5, 2015, the Union requested to schedule the Arbitration concerning

the Discipline Grievance.  The Union had also requested to resume the grievance process regard-ing the Termination Grievance at Step 3 of the parties' grievance procedures under the CBA.

26.     In response to the Union's requests, on October 7, 2015, CSVRMC notified the Union that it had waived its grievance rights and there was no basis to pursue either grievance or arbitration.

27.     As of the date of this filing, the Union has refused to cancel the Arbitration of the Discipline Grievance, despite the clear language of the Election of Forum Clause.

28.     The Union's refusal to abide by the CBA has harmed CSVRMC, which has been deprived of the parties' negotiated agreement by the Union's improper prosecution of the Spen-cer Dispute in two fora.

### STATEMENT OF CLAIMS

### COUNT I

### (Declaratory Relief under FED. R. CIV. P. 57 and 28 U.S.C. § 2201)

29.     CSVRMC restates paragraphs 1 through 28 above fully herein by reference.

30.     The instant case arises under Section 301 of the LMRA, 29 U.S.C. § 185.

31.     An actual dispute and controversy exists between CSVRMC, on one hand, and the Union, on the other hand, regarding the parties' rights and obligations under the CBA. Plaintiff seeks a declaration of rights by this Court pursuant to FED. R. CIV. P 57 and 28 U.S.C. § 2201 regarding the parties' dispute.

### COUNT II

### (Breach of Contract)

32.     CSVRMC restates paragraphs 1 through 32 above fully herein by reference.

33.     The instant case arises under Section 301 of the LMRA, 29 U.S.C. § 185.

34.     The CBA constitutes a valid and enforceable contract between the parties.

35.     The Union materially breached the CBA by, among other things, attempting to force CSVRMC to litigate the Spencer Dispute before the NLRB and the FMCS, in contravention of the CBA's Election of Forum.

36.     CSVRMC fulfilled all of its obligations under the CBA before the Union's material breach of the CBA.

37.     CSVRMC has suffered damages as a direct result of the Union's breach.

**REQUESTS FOR RELIEF**

WHEREFORE, CHRISTUS St. Vincent Regional Medical Center respectfully requests that this Court:

A.     Declare that: CSVRMC has no obligation to submit the Spencer Dispute to arbitration;

B.     Award CSVRMC its damages, plus interest and costs;

C.     Grant such further relief as is just and equitable.


DATED: October 21, 2015                    Respectfully Submitted,

                                           HINKLE SHANOR LLP

                                           By: /s/ Jaclyn M. McLean_____
                                                Ellen S. Casey
                                                Jaclyn M. McLean
                                                218 Montezuma
                                                Santa Fe, New Mexico  87501
                                                (505) 982-4554 telephone
                                                jmclean@hinklelawfirm.com
                                                ecasey@hinklelawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that this *Complaint and Petition for Declaratory Judgment* was served

upon the following individuals on October 21, 2015.

Shane Youtz
Youtz & Valdez, P.C.
900 Gold Avenue SW
Albuquerque, NM 87102
(505) 244-1200
*Attorneys for District 1199 NM,*
*National Union of Hospital and*
*Healthcare Employees AFSCME,*
*AFL-CIO*

By: /s/ Jaclyn M. McLean
      Jaclyn M. McLean