IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

CHRISTUS ST. VINCENT REGIONAL
MEDICAL CENTER,

      **Plaintiff/Counter-Defendant,**

v.                                      No. 15-CV-942 LF-KBM

DISTRICT 1199NM NATIONAL UNION OF
HOSPITAL AND HEALTHCARE
EMPLOYEES, AFL-CI0, AFSCME,

      **Defendant/Counter-Plaintiff.**

## ANSWER TO COMPLAINT AND PETITION
## FOR DECLARATORY JUDGMENT

## AND

## COUNTERCLAIM

      COMES NOW Defendant/Counter-Plaintiff District 1199NM National Union of Hospital and Healthcare Employees ("District1199NM" or "Union"), by and through its counsel, Youtz & Valdez, P.C. (Shane Youtz, Stephen Curtice, James A. Montalbano), and files this Answer to the Complaint and Petition for Declaratory Judgment and its Counterclaim.

## Answer

      1.      Defendant/Counter-Plaintiff admits that the first sentence of Paragraph 1 of the Complaint describes the nature of the action. Defendant/Counter-Plaintiff denies the remainder of Paragraph 1. Defendant/Counter-Plaintiff further denies that the Complaint states a claim upon which relief can be granted.

      2.      Defendant/Counter-Plaintiff admits that the first two sentences of Paragraph 2 describes the nature of the action. Defendant/Counter-Plaintiff denies that the Complaint states a

claim upon which relief can be granted.  With respect to the third sentence of Paragraph 2, Defendant/Counter-Plaintiff admits that there exists an actual controversy between the parties whether Plaintiff/Counter-Defendant is obliged to arbitrate the dispute in question.

3. Upon information and belief, and subject to verification, Defendant/Counter-Plaintiff admits the first sentence of Paragraph 3.  Defendant/Counter-Plaintiff admits the second sentence of this Paragraph.

4. Defendant/Counter-Plaintiff admits Paragraph 4.

5. With respect to Paragraph 5, Defendant/Counter-Plaintiff does not dispute that this Court has jurisdiction over the parties and the subject matter.

6. With respect to Paragraph 6, Defendant/Counter-Plaintiff does not dispute that venue is proper in this Court.

7. Defendant/Counter-Plaintiff admits Paragraph 7 and further states that there are three bargaining units of Plaintiff/Counter-Defendant's employees represented the union, each with their own Collective Bargaining Agreement.  The CBA at issue is sometimes referred to as the "Nurse Agreement."

8. Defendant/Counter-Plaintiff admits the first sentence of Paragraph 8, and further states that the provision speaks for itself.  Defendant/Counter-Plaintiff denies the second sentence of this Paragraph.

9. Defendant/Counter-Plaintiff admits that the CBA contains the clause quoted in Paragraph 9, and further states that the clause speaks for itself.

10. Paragraph 10 contains legal conclusions to which no response is required; to the extent it contains any factual allegations, Defendant/Counter-Plaintiff denies those allegations.

Defendant/Counter-Plaintiff expressly denies that Plaintiff/Counter-Defendant's interpretation of the clause at issue is correct.

11. With respect to Paragraph 11, Defendant/Counter-Plaintiff admits that the parties negotiated the phrase and that it was agreed upon. Based on the strained interpretation of the clause now being argued by Plaintiff/Counter-Defendant, Defendant/Counter-Plaintiff denies that Plaintiff/Counter-Defendant negotiated that provision in good faith.

12. Paragraph 12 contains legal conclusions to which no response is required; to the extent it contains any factual allegations, Defendant/Counter-Plaintiff denies those allegations..

13. Defendant/Counter-Plaintiff admits that Dianne Spencer received discipline on or about the dates listed, but disputes that the discipline was proper or with just cause. Defendant/Counter-Plaintiff admits that it filed a grievance regarding Plaintiff/Counter-Defendant's breach of the CBA by the improper discipline of Dianne Spencer.

14. Defendant/Counter-Plaintiff admits the first sentence of Paragraph 14. With respect to the second sentence, Defendant/Counter-Plaintiff states that the arbitration hearing was scheduled by and between the parties and the arbitrator the Parties mutually agreed upon, not the FMCS.

15. With respect to Paragraph 15, Defendant/Counter-Plaintiff admits that it filed the Charge with the NLRB on or about the date alleged, and further states that the Charge speaks for itself.

16. With respect to Paragraph 16, Defendant/Counter-Plaintiff admits that Plaintiff/Counter-Defendant communicated in writing with Defendant/Counter-Plaintiff on that day and further states that the communication speaks for itself.

17. With respect to Paragraph 17, Defendant/Counter-Plaintiff admits that Plaintiff/Counter-Defendant and Defendant/Counter-Plaintiff exchanged written communications on that day and further states that the communications speaks for themselves.

18. With respect to Paragraph 18, Defendant/Counter-Plaintiff admits that on or about the day alleged, the Parties agreed to hold the pending arbitration in abeyance pending processing of the Charge with the NLRB.

19. With respect to Paragraph 19 Defendant/Counter-Plaintiff admits that Dianne Spencer received discipline on or about the dates listed, but disputes that the discipline was proper or with just cause. Defendant/Counter-Plaintiff admits that Plaintiff/Counter-Defendant terminated Ms. Spencer's employment, and further states that it did so without cause and in violation of the CBA.

20. With respect to Paragraph 20, Defendant/Counter-Plaintiff admits that it challenged the termination and filed the Termination Grievance on or about the date alleged.

21. With respect to Paragraph 21, Defendant/Counter-Plaintiff states that the Termination Grievance speaks for itself.

22. With respect to Paragraph 22, Defendant/Counter-Plaintiff admits that it filed the Amended Charge with the NLRB on or about the date alleged, and further states that the Charge speaks for itself.

23. Paragraph 23 contains legal conclusions to which no response is required; to the extent it contains any factual allegations, Defendant/Counter-Plaintiff denies those allegations.

24. With respect to Paragraph 24, Defendant/Counter-Plaintiff admits that the NLRB declined to issue a complaint based on the Amended Charge, and that Defendant/Counter-Plaintiff withdrew the Charge.

25. With respect to Paragraph 25, Defendant/Counter-Plaintiff admits that it requested Plaintiff/Counter-Defendant to schedule the arbitration concerning the Discipline Grievance on or about the date alleged, as the parties had previously agreed to do when they agreed to hold the grievance in abeyance, and admits that it requested to resume the grievance process regarding the Termination Grievance at Step 3.

26. With respect to Paragraph 26, Defendant/Counter-Plaintiff admits that Plaintiff/Counter-Defendant communicated with Defendant/Counter-Plaintiff on or about the date alleged, and further states that the communication speaks for itself.

27. With respect to Paragraph 27, Defendant/Counter-Plaintiff admits that it has not cancelled the Arbitration. The remainder of the paragraph contains legal conclusions to which no response is required; to the extent in contains any factual allegations, Defendant/Counter-Plaintiff denies those allegations.

28. Paragraph 28 contains legal conclusions to which no response is required; to the extent in contains any factual allegations, Defendant/Counter-Plaintiff denies those allegations.

29. With respect to Paragraph 29, Defendant/Counter-Plaintiff incorporates by reference its responses to Paragraphs 1 through 28, above.

30. With respect to Paragraph 30, Defendant/Counter-Plaintiff admits that the case arises under Section 301 of the LMRA, 29 U.S.C. § 185, but denies that the suit has any basis in law or fact.

31. With respect to Paragraph 31, Defendant/Counter-Plaintiff admits that an actual dispute exists between the parties regarding their rights and obligations under the CBA, but denies that Plaintiff/Counter-Defendant is entitled to the relief it seeks.

32. With respect to Paragraph 32, Defendant/Counter-Plaintiff incorporates by reference its responses to Paragraphs 1 through 31, above.

33. With respect to Paragraph 33, Defendant/Counter-Plaintiff admits that the case arises under Section 301 of the LMRA, 29 U.S.C. § 185, but denies that the suit has any basis in law or fact.

34. With respect to Paragraph 34, Defendant/Counter-Plaintiff admits that the CBA constitutes a valid and enforceable contract between the parties, and further states that Plaintiff/Counter-Defendant has breached that CBA: (1) by disciplining, and then terminating, Diane Spencer without just cause, (2) by refusing to abide by its promise to arbitrate disputes under the Contact, including the Spencer discipline/termination and its contractual claim that Defendant/Counter-Plaintiff waived its right to grieve that discipline, and (3) by filing this lawsuit for breach of contract rather than utilizing the exclusive grievance and arbitration provisions of the CBA to address Defendant's alleged breach of contract.

35. Defendant/Counter-Plaintiff denies Paragraph 35.

36. Defendant/Counter-Plaintiff denies Paragraph 36.

37. Defendant/Counter-Plaintiff denies Paragraph 37.

## Affirmative Defenses

1. Plaintiff/Counter-Defendant cannot recover herein due to unclean hands.

2. Plaintiff/Counter-Defendant has failed to state a claim upon which relief can be granted.

3. Plaintiff/Counter-Defendant's claims are barred by the doctrine of estoppel.

4. Plaintiff/Counter-Defendant has waived its right to recover under any theory of liability.

5. Pursuant to the CBA, Plaintiff/Counter-Defendant's claim that Defendant/Counter-Plaintiff waived its right to grieve the Discipline/Termination of Diane Spencer must be resolved by an arbitrator, not this Court.

6. Plaintiff/Counter-Defendant has failed to avail itself of the exclusive grievance and arbitration provisions to resolve its claim in Count II that Defendant/Counter-Plaintiff breached the CBA.

WHEREFORE, having answered the Complaint in full, Defendant/Counter-Plaintiff requests that this Court dismiss it in its entirety, award it costs and attorney's fees for having to defend it, and for any other relief this Court finds just and proper under the circumstances.

## Counter Claim

1. This action arises under, and jurisdiction is conferred on the Court by virtue of, Section 301 of the Labor-Management Relations Act of 1947 (29 USC § 185), referred to as the LMRA. Moreover, this action involves an actual controversy between the parties, and the Court is therefore vested by the provisions of the Declaratory Judgment Act of June 25, 1948, c. 646, 62 Stat. 964, as amended (28 USC §§ 2201, 2202), with power to render declaratory judgment, and grant the other relief requested.

2. Defendant/Counter-Plaintiff (hereinafter "the Union") is the exclusive bargaining representative with respect to wages, hours and other conditions of employment for three bargaining units of employees of Plaintiff/Counter-Defendant CHRISTUS St. Vincent Regional Medical Center (hereinafter "CSVRMC" or "the Hospital"). As such, the Union is a labor organization representing employees in an industry affecting commerce, as defined in Sections 501(1) and (3) and 2(5) of the LMRA (29 USC §§ 142(1) and (3) and 152(5)), and within the meaning of Section 301 of the LMRA (29 USC § 185).

3. For all times pertinent hereto, CSVRMC has been authorized to do business and is doing business in the State of New Mexico, within the territorial jurisdiction of the court. CSVRMC is an employer in an industry affecting commerce, as defined in Sections 501(1) and (3) 2(2) of the LMRA (29 USC §§ 142(1) and (3) and 152(2)), and within the meaning of Section 301 of the LMRA (29 USC § 185).

4. CSVRMC and the Union are parties to a Collective Bargaining Agreement covering the "Nurses" bargaining unit at the Hospital effective October 14, 2014, through August 31, 2017 (the "CBA").

5. The CBA contains grievance and arbitration provisions, which the parties agreed would be the sole and exclusive means of resolving all disputes concerning alleged breaches of the CBA. Those provisions provide for final and binding arbitration of the contract dispute. A true and correct copy of Article 30, containing those grievance and arbitration provisions, is attached hereto as Exhibit A.

6. As described generally in Plaintiff/Counter-Defendant's Complaint, a dispute has arisen between the parties as to whether CSVRMC breached the CBA by disciplining, and then terminating, Diane Spenser without just cause.

7. As described generally in Plaintiff/Counter-Defendant's Complaint, the Union has sought to arbitrate that dispute, but CSVRMC refuses.

8. As described generally in Plaintiff/Counter-Defendant's Complaint, CSVRMC refuses to arbitrate the Diane Spencer dispute based solely on the claim that the Union has waived the grievance by virtue of its filing unfair labor practice charges ("ULPs") with the National Labor Relations Board ("NLRB").

9.      In support, CSVRMC relies exclusively on Article 30, Section 30.12 of the CBA, which provides: "It is the intention of the parties that the grievance procedure set forth herein shall the sole and exclusive remedy of the parties *for any alleged breach of this Agreement.* Therefore, resort to any other remedy at law or at equity, administrative or judicial, shall constitute a waiver of the grievance."  (Emphasis added).

10.     The ULPs the Union filed on Diane Spenser's behalf, however, did not seek to remedy an "alleged breach of th[e] Agreement."  Rather, they sought to remedy CSVRMC's alleged violations of federal law, specifically, the National Labor Relations Act.  As a result, the filing of the ULPs to remedy alleged violations of federal law cannot, as a matter of law, constitute a waiver of the Union's grievance alleging a violation of the CBA.

11.     In any event, however, a claim that the Union waived the grievance pursuant to this clause—like a claim that an union has waived a grievance by failing to comply with the timelines set forth in the CBA—is the type of "procedural arbitrability" question that the LMRA requires to be decided by an arbitrator, rather than a court. *See John Wiley & Sons v. Livingston*, 376 U.S. 543, 557 (1964) (arbitrator must decide whether preliminary steps of grievance procedure have been followed); *International Union v. Folding Carrier Corp.*, 422 F.2d 47, 49 (10th Cir. 1970) (the grievance's "manner of presentation and sufficiency of the statement are matters procedure to be determined by the arbitrator"); *Denhardt v. Trailways Inc.*, 767 F.2d 687, 689-90 (10th Cir. 1985) ("procedural dispute" as to compliance with hearing time limits was "a matter for arbitration"); *Nelson v. Great Western Sugar Co.*, 440 F.Supp. 928, 928-29 (D. Colo. 1977) (defense of laches should be considered by an arbitrator, and arbitration ordered "without further delay"); *Todd Habermann Construction, Inc. v. Epstein*, 70 F.Supp.2d 1170, 1175-76 (D. Colo. 1999) ("questions concerning the procedural prerequisites to arbitration are to

be left to the arbitrator"). *See also*, *Wood v. City of Topeka*, 90 F.Supp.2d 1173, 1192-93 (D. Kansas 2000) (question of timely compliance with grievance procedure should have been submitted to arbitration).

12. Plaintiff/Counter-Defendant has breached that CBA: (1) by disciplining, and then terminating, Diane Spencer without just cause, (2) by refusing to abide by its promise to arbitrate disputes under the Contact, including the Spencer discipline/termination and its contractual claim that Defendant/Counter-Plaintiff waived its right to grieve that discipline, and (3) by filing this lawsuit for breach of contract rather than utilizing the exclusive grievance and arbitration provisions of the CBA to address Defendant's alleged breach of contract.

### Count I: Specific Performance of Agreement to Arbitrate

13. Defendant/Counter-Plaintiff incorporates, as if fully set forth below, and re-alleges each and every statement and allegation contained in the preceding paragraphs.

14. The Diane Spenser discipline/termination dispute, as well as the contractual dispute whether the Union waived its right to grieve that dispute, is arbitrable as a matter of right under the CBA, and pursuant to the CBA, CSVRMC bound to arbitrate those disputes upon request by the Union.

15. The Union has requested to arbitrate the dispute with CSVRMC, but CSVRMC has refused to do so.

16. CSVRMC's refusal to follow the grievance and arbitration provisions of the CBA thwarts the peaceful and orderly procedures for settlement of labor disputes contemplated by and provided for in the CBA and under federal law.

17. The Union may bring this action for specific performance to enforce an agreement to arbitrate under Section 301 of the LMRA. *Textile Workers Union v. Lincoln Mills*, 353 U.S. 448 (1957).

18. Defendant/Counter-Plaintiff does have an adequate remedy at law, since only a judgment against CSVRMC for specific performance of its agreement to arbitrate the dispute will provide the Union with the relief required under the circumstances.

### Count II: Declaratory Relief

19. Defendant/Counter-Plaintiff incorporates, as if fully set forth below, and re-alleges each and every statement and allegation contained in the preceding paragraphs.

20. An actual dispute has arisen between the parties as to their respective rights and obligations under the CBA.

21. Defendant/Counter-Plaintiff is entitled to a declaratory judgement that Plaintiff/Counter-Defendant is obligated under the CBA to submit the following disputes to arbitration, as requested by the Union: (1) the Diane Spencer discipline/termination dispute, and (2) the contractual dispute whether the Union waived its right to grieve that dispute by virtue of Section 30.12 of the CBA.

### Requests for Relief

WHEREFORE, Defendant/Counter-Plaintiff respectfully requests that this Court:

A. Enter an order compelling CSVRMC to arbitrate the disputes identified herein with the Union;

B. Declare that: CSVRMC has an obligation to submit those disputes to arbitration;

C. Award Defendant/Counter-Plaintiff its costs and attorney's fees; and

D. Grant such further relief as is just and equitable.

| | |
|---|---|
| Dated:  November 19, 2015 | Respectfully submitted,<br><br>**YOUTZ & VALDEZ, P.C.**<br><br>_____/s/ Stephen Curtice_____<br>Shane Youtz<br>shane@youtzvaldez.com<br>Stephen Curtice<br>stephen@youtzvaldez.com<br>James A. Montalbano<br>james@youtzvaldez.com<br>900 Gold Ave. SW<br>Albuquerque, NM  87102<br>(505) 244-1200<br>(505) 244-9700 fax<br><br>*Attorneys for Defendant/Counter-Plaintiff District 1199NM National Union of Hospital and Healthcare Employees* |

I hereby certify that a true and correct copy of the foregoing pleading was delivered by electronic notification through the CM/ECF system to all parties of record this 19th day of November, 2015:

Ellen S. Casey
Jaclyn M. McLean
Hinkle, Hensley, Shanor & Martin, LLP
218 Montezuma
Santa Fe, New Mexico 87501
jmclean@hinklelawfirm.com
ecasey@hinklelawfirm.com


_____/s/ Stephen Curtice_____
Stephen Curtice