IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTUS ST. VINCENT REGIONAL
MEDICAL CENTER,

    Plaintiff/Counter-Defendant,
vs.                                                 No. 1:15-CV-00942 WJ-KBM

DISTRICT 1199NM, NATIONAL UNION OF
HOSPITAL AND HEALTHCARE
EMPLOYEES, AFL-CIO, AFSCME

    Defendant/Counter-Plaintiff.

**JOINT STATUS REPORT AND PROVISIONAL DISCOVERY PLAN**

Pursuant to FED. R. CIV. P. 26(f), a meeting was held on December 29, 2015 at 11:00 a.m., and was attended by:

Jamie R. Adams and Jaclyn Mclean for Plaintiff/ Counter-Defendant CHRISTUS St. Vincent Regional Medical Center (the "Employer"); and

Stephen Curtice for Defendant/Counter-Plaintiff District 1199NM, National Union of Hospital and Healthcare Employees, AFL-CIO, AFSCME (the "Union").

**NATURE OF THE CASE**

This is an action arising out of alleged breaches of the parties' 2014 collective-bargaining agreement for the Nurse bargaining unit (the Nurse CBA"). As part of the collective bargaining process between the Employer and the Union, the parties agreed to Section 30.12 of the Nurse CBA, the clause in question. The parties disagree about whether the Union has waived its right to pursue grievances under the clause in question

1

by filing unfair labor practice charges with the National Labor Relations Board about the same employee, Diane Spencer, with respect to the same discipline and termination. The parties also disagree about whether this Court or an Arbitrator should determine the arbitrability of the parties' dispute.

## AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES

The Employer filed its Complaint on October 21, 2015, and an Answer to the Union's Counterclaim on December 14, 2015.

The Employer should be allowed until February 14, 2016 to move to amend the pleadings or join additional parties in compliance with the requirements of FRCP 15(a).

The Union filed its Answer and Counterclaim on November 19, 2015.

The Union should be allowed until March 14, 2016 to move to amend the pleadings or join additional parties in compliance with the requirements of FRCP 15(a).

## STIPULATIONS

The parties hereto stipulate and agree that venue is properly laid in this District; that the United States District Court for the District of New Mexico has jurisdiction of the parties and the subject matter.

The parties are willing to further stipulate to the following facts:

- The nature of this action is a proceeding for declaratory judgment under 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure for the purpose of determining a question in actual controversy between the parties, namely, the question of whether the plaintiff is obligated to arbitrate a dispute pursuant to collective bargaining agreement between the parties.

- The Employer, CHRISTUS St. Vincent Regional Medical Center is a 501(c)(3) non-profit organization with its principal place of business at 455 St. Michaels Drive, Santa Fe, NM, 85405.

- The Employer is an "employer" within the meaning of Section 2(2) of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(2).

- The Union, District 1199NM, National Union of Hospital and Healthcare Employees, AFL-CIO, AFSCME is a labor organization with its principal office located in Albuquerque, New Mexico.

- The Union is a "labor organization" representing employees in industries affecting commerce within the meaning of Section 2(5) of the LMRA.

- There are three bargaining units of Plaintiff/Counter-Defendant's employees represented by the Union, each with their own Collective Bargaining Agreement.

- The Employer and the Union are parties to the Nurse CBA effective October 14, 2014 through August 31, 2017.

- The parties' dispute involves the Nurse CBA.

- The Nurse CBA contains a bargained-for provision concerning the parties' respective rights to pursue grievances through arbitration.

- Article 30, Section 30.12 of the Nurse CBA provides as follows:

    > 30.12. It is the intention of the parties that the grievance procedure set forth herein shall be the sole and exclusive remedy of the parties for any alleged breach of this Agreement. Therefore, resort to any other remedy at law or at equity, administrative or judicial, shall constitute a waiver of the grievance.

- The parties negotiated and agreed upon the language of the Nurse CBA.

- Diane Spencer, a member of the Union, was disciplined for three separate incidents on July 25, 2012, January 17, 2013 and October 28, 2014.

- The Union filed a grievance concerning Ms. Spencer's final warning received October 28, 2014 (the "Discipline Grievance").

- On January 28, 2015, the Union filed a demand for arbitration with the Federal Mediation and Conciliation Service regarding the Discipline Grievance.

- On April 8, 2015, the Union filed an unfair labor practice charge with Region 28 of the National Labor Relations Board, Case No. 28-CA-149798 (the "Charge").

- On April 21, 2015, CSVRMC again disciplined Ms. Spencer and terminated her employment.

- The Union filed a grievance concerning CSVRMC's termination of Ms. Spencer's employment on April 21, 2015 (the "Termination Grievance").

- On May 13, 2015, the Union filed an amended unfair labor practice charge with Region 28 of the National Labor Relations Board, Case No. 28-CA-149798 (the "Amended Charge"), which alleges that:

  > Within the past six months the Employer has targeted Diane Spencer for discipline, termination, and other harassment for her outspoken participation on the Union's bargaining committee and for other Union activities. Diane Spencer has played a prominent role on the bargaining committee and has served in outspoken capacity representing bargaining unit members in an effort to remedy the Employer's staffing deficiencies.

- The NLRB declined to issue a complaint based on the Amended Charge, and the Union withdrew the Amended Charge.

The parties further stipulate and agree that the law governing this case is:

The National Labor Relations Act, 29 U.S. Code § 151, *et seq.;* and the Labor Management Relations Act, 29 US Code § 141, *et seq*.

## **EMPLOYER'S CONTENTIONS:**

The Employer alleges that, despite the clear language of the Nurse CBA, Section 30.12, the Union has breached the Nurse CBA by insisting on litigating a dispute concerning the same material facts both in an arbitration before the Federal Mediation and Conciliation Service, and in an administrative proceeding before the National Labor Relations Board.  The Employer seeks declaratory relief from this Court on the grounds that the duty to arbitrate is "a matter of contract and a party cannot be required to submit

to arbitration any dispute which he has not agreed so to submit." *AT&T Tech., Inc, v. Comm'ns Workers of Am.*, 475 U.S. 643, 648 (1986).

Arbitration is strictly "a matter of consent." *Volt Information Sciences, Inc. v. Board of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 479 (1989). It is well settled in both commercial and labor cases that whether parties have agreed to "submi[t] a particular dispute to arbitration" is typically an " 'issue for judicial determination.' " *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 83 (2002) (quoting *AT & T Technologies* 475 U.S. at 649 (1986)). A disagreement about whether an arbitration clause in a concededly binding contract applies to a particular type of controversy is for the court. *See, e.g., AT&T Technologies*, 475 U.S at 651-652. A court "may order arbitration of a particular dispute only where the court is satisfied that the parties agreed to arbitrate *that dispute*." *Granite Rock Co. v. International Broth. of Teamsters, 561 U.S. 287, 297 (2010)* (citing *First Options of Chicago, Inc.* v. *Kaplan*, 514 U.S. 938, 943; *AT & T Technologies,* 475 U.S at 648–649.

The Employer contends that the Union has demanded Arbitration of the Spencer Dispute, despite the fact that the arbitration provision in the parties' contract does not apply to this particular controversy. Pursuant to the Nurse CBA, the Union has resorted to another remedy to resolve the Spencer Dispute based on the same material facts and the same theory; therefore, the Union has waived the grievance and the Spencer Dispute is not arbitrable. The Employer alleges that the arbitration provision in the Nurse CBA is narrow and that the issue of arbitrability of disputes pursuant to Article 30, Section 30.12 of the CBA was not intended to be determined by an Arbitrator, and must be determined

by this Court. The Employer further alleges that the Union has waived its right to arbitrate this matter by its litigation conduct before the NLRB, and such waiver must be determined by this Court. The Employer denies that it has breached the Nurse CBA.

### UNION'S CONTENTIONS

The CBA contains grievance and arbitration provisions, which the parties agreed would be the sole and exclusive means of resolving all disputes concerning alleged breaches of the CBA. CSVRMC refuses to arbitrate the Diane Spencer dispute based solely on the claim that the Union has waived the grievance by virtue of its filing unfair labor practice charges ("ULPs") with the National Labor Relations Board ("NLRB"). In support, CSVRMC relies exclusively on Article 30, Section 30.12 of the CBA, which provides: "It is the intention of the parties that the grievance procedure set forth herein shall the sole and exclusive remedy of the parties *for any alleged breach of this Agreement.* Therefore, resort to any other remedy at law or at equity, administrative or judicial, shall constitute a waiver of the grievance." (Emphasis added).

The ULPs the Union filed on Diane Spenser's behalf, however, did not seek to remedy an "alleged breach of th[e] Agreement." Rather, they sought to remedy CSVRMC's alleged violations of federal law, specifically, the National Labor Relations Act. As a result, the filing of the ULPs to remedy alleged violations of federal law cannot, as a matter of law, constitute a waiver of the Union's grievance alleging a violation of the CBA.

In any event, however, a claim that the Union waived the grievance pursuant to this clause—like a claim that an union has waived a grievance by failing to comply with

the timelines set forth in the CBA—is the type of "procedural arbitrability" question that the LMRA requires to be decided by an arbitrator, rather than a court. *See John Wiley & Sons v. Livingston*, 376 U.S. 543, 557 (1964) (arbitrator must decide whether preliminary steps of grievance procedure have been followed); *International Union v. Folding Carrier Corp.*, 422 F.2d 47, 49 (10th Cir. 1970) (the grievance's "manner of presentation and sufficiency of the statement are matters procedure to be determined by the arbitrator"); *Denhardt v. Trailways Inc.*, 767 F.2d 687, 689-90 (10th Cir. 1985) ("procedural dispute" as to compliance with hearing time limits was "a matter for arbitration"); *Nelson v. Great Western Sugar Co.*, 440 F.Supp. 928, 928-29 (D. Colo. 1977) (defense of laches should be considered by an arbitrator, and arbitration ordered "without further delay"); *Todd Habermann Construction, Inc. v. Epstein*, 70 F.Supp.2d 1170, 1175-76 (D. Colo. 1999) ("questions concerning the procedural prerequisites to arbitration are to be left to the arbitrator"). *See also*, *Wood v. City of Topeka*, 90 F.Supp.2d 1173, 1192-93 (D. Kansas 2000) (question of timely compliance with grievance procedure should have been submitted to arbitration).

Plaintiff/Counter-Defendant has breached that CBA: (1) by disciplining, and then terminating, Diane Spencer without just cause, (2) by refusing to abide by its promise to arbitrate disputes under the Contact, including the Spencer discipline/termination and its contractual claim that Defendant/Counter-Plaintiff waived its right to grieve that discipline, and (3) by filing this lawsuit for breach of contract rather than utilizing the exclusive grievance and arbitration provisions of the CBA to address Defendant's alleged breach of contract.

**PROVISIONAL DISCOVERY PLAN**

The parties jointly propose to the Court the following discovery plan:

Employer Witnesses, Exhibits, and Experts:

Witnesses:

In addition to the witnesses identified by the Union, any or all of whom the Employer may call as witnesses and/or depose, the Employer discloses the following potential witnesses now known to it:

- Sandra Dominguez, c/o Greenberg Traurig, LLP. Ms. Dominguez, the Executive Director of Human Resources for the Employer, may testify regarding her personal knowledge regarding the bargaining and implementation of the Nurse CBA, Diane Spencer's discipline, the Employer's response to the Union's grievances, and the NLRB filings related to Diane Spencer.

The Employer expects to depose the following witnesses: Lead Union Negotiator or Union PMK for Nurse CBA; Union PMK for Spencer Charge and Amended Charge; and Union PMK for Spencer Discipline and Termination Grievances.

Exhibits:

In addition to those exhibits identified by the Union, any or all of which the Employer may seek to introduce at trial, the Employer discloses the following potential exhibits:

- 2008 Nurse and Technical collective-bargaining agreements;
- 2008 Service and Maintenance ("SMU") collective-bargaining agreement;

- 2011 Nurse and Technical collective-bargaining agreements;
- 2012 SMU collective-bargaining agreement;
- 2014 Nurse and Technical collective-bargaining agreements;
- 2015 SMU collective-bargaining agreement;
- Bargaining notes from Nurse and Technical contract negotiations, and SMU contract negotiations;
- Documents related to the Spencer NLRB proceeding, including but not limited to charges, amended charges, documents filed or submitted to process the charges, correspondence, and documents indicating withdrawal or dismissal of the charges;
- Documents related to the Spencer grievances, including but not limited to the grievances, the grievance responses, documents submitted to process the grievances and correspondence;
- Correspondence between the parties relating to arbitrability of grievances under the parties' collective-bargaining agreements.

Experts:

At this time, the Employer does not anticipate that it will call expert witnesses to testify at trial.

The Employer reserves the right to depose additional witness or introduce additional witnesses at trial, the right to introduce additional exhibits at trial, and the right to call expert witnesses at trial in accordance with the provisions of FRCP 26.

<u>Union Witnesses, Exhibits, and Experts:</u>

<u>Witnesses:</u>

In addition to the witnesses identified by the Employer, any or all of whom Defendant may call as witnesses and/or depose, the Union discloses the following potential witnesses now known to it:

- Fonda Osborn, c/o Youtz & Valdez, P.C.  Ms. Osborn, the past-President of the Union, may testify regarding her personal knowledge regarding the bargaining and implementation of the Nurse Contract.

- Lillie Sandoval, c/o Youtz & Valdez, P.C.  Ms. Sandoval, the Treasurer of the Union, may testify regarding her personal knowledge regarding the bargaining and implementation of the Nurse Contract.

- Delma Delora, c/o Youtz & Valdez, P.C.  Ms. Delora, a Delegate of the Union, may testify regarding her personal knowledge regarding the bargaining and implementation of the Nurse Contract.

- Diane Spencer, c/o Youtz & Valdez, P.C.  Ms. Spencer may testify regarding her personal knowledge of her discipline, the union's grievances, the NLRB filings, and the bargaining and implementation of the Nurse Contract.

- Lorie MacIver, c/o Youtz & Valdez, P.C.  Ms. MacIver, the Current-President of the Union, may testify regarding the bargaining and implementation of the Nurse Contract.

<u>Exhibits:</u>

In addition to those exhibits identified by the Employer, any or all of which the Union may seek to introduce at trial, The Union discloses the following potential exhibits:

- The Union's bargaining notes and bargaining history of the 2011 and 2014 Nurse CBAs.

<u>Experts:</u>

At this time, the Union does not anticipate that it will call expert witnesses to testify at trial.

The Union reserves the right to depose additional witness or introduce additional witnesses at trial, the right to introduce additional exhibits at trial, and the right to call expert witnesses at trial in accordance with the provisions of FRCP 26.

<u>Subjects of Discovery</u>: Discovery will be needed on the following subjects: all matters contained in the parties' pleadings and any other matters revealed by discovery.

<u>Interrogatories</u>. Maximum of 35 interrogatories by each party to any other party. Responses due 35 days after service.

<u>Requests for Admission</u>. Maximum of 35 requests for admission by each party to any other party.  Response due 35 days after service.

<u>Depositions</u>. Maximum of five (5) depositions by the Employer and five (5) by the Union.  Each deposition limited to maximum of 7.5 hours unless extended by agreement

of parties. A party noticing a deposition must provide no less than 10 court days' written notice of deposition to the witness and any other party.

Expert Reports. Reports from retained experts, if any, under FRCP 26(a)(2) due from the Employer by July 15, 2016, or if the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under FRCP 26(a)(2)(B) or (C), within 30 days after the other party's disclosure.

Supplementing Disclosures and Responses. Supplementation, if any, under FRCP 26(e) is due by September 15, 2016.

Discovery Cutoff. All non-expert discovery must be commenced in time to be complete by June 15, 2016. Expert discovery must be commenced in time to be complete by September 15, 2016.

## PRETRIAL MOTIONS

The Employer intends to file a Motion for Summary Judgment and Motions in Limine.

The Union intends to file a Motion for Summary Judgment, a Motion to Compel Arbitration, and Motions in Limine.

## ESTIMATED TRIAL TIME

The parties estimate trial will require three (3) to five (5) court days.

 X   This is a non-jury case.

____ This is a jury case.

The parties request a pretrial conference in September 2016.

## **SETTLEMENT**

The possibility of settlement in this case cannot be evaluated prior to the completion of discovery.

APPROVED WITHOUT EXCEPTIONS

HINKLE SHANOR LP

/s/
Ellen S. Casey
Jaclyn M. McLean
P.O. Box 2068
Sante Fe, NM 87504-2068
Phone: 505-982-4554
Fax: 505-982-8623
*Attorneys for Plaintiff/Counter-Defendant*

GREENBERG TRAURIG, LLP

/s/
Charles S. Birenbaum
Jamie R. Adams
4 Embarcadero Center, Ste. 3000
San Francisco, CA 94111
Phone: 415-655-1300
Fax: 415-707-2010
*Attorneys for Plaintiff/Counter-Defendant*

YOUTZ & VALDEZ, P.C.

/s/
Shane Youtz
Stephen Curtice
900 Gold Ave. SW
Albuquerque, NM 87102
Phone: 505-244-1200
Fax: 505-244-9700
*Attorneys for Defendant/Counter-Plaintiff*