IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTUS ST. VINCENT REGIONAL
MEDICAL CENTER,

    Plaintiff/Counter-Defendant,

v.                                                                                          CIV 15-0942 WJ/KBM

DISTRICT 1199 NM, NATIONAL UNION
OF HOSPITAL AND HEALTHCARE
EMPLOYEES, AFL-CIO, AFSCME,

    Defendant/Counter-Plaintiff.

## ORDER ADOPTING JOINT STATUS REPORT
## AND PROVISIONAL DISCOVERY PLAN

At the Rule 16 scheduling conference held on January 14, 2016, the Court reviewed the attorneys' Joint Status Report and Provisional Discovery Plan[1] (Doc. 15) filed on January 7, 2016, and adopted it as modified by the dates provided in the Court's Scheduling Order (Doc. 19) filed concurrently herewith.

_____
UNITED STATES CHIEF MAGISTRATE JUDGE

---

[1] All expert witnesses must be disclosed by the identified dates, but only those who are retained or specifically employed to provide expert testimony must submit an expert report. See Fed. R. Civ. P. 26(a)(2)(B); *Musser v. Gentiva Health Servs.,* 356 F.3d 751 (7th Cir. 2004); *Farris v. Intel Corp.,* 493 F.Supp.2d 1174 (D.N.M. 2007), and *Blodgett v. United States,* 2008 WL 1944011 (D. Utah). Treating physicians testifying as to causation and diagnosis may provide expert testimony under Rule 702 of the Federal Rules of Evidence without providing a report and the other disclosures required under Rule 26, providing they limit "the scope of their opinion testimony to conclusions drawn from their own examination and treatment of the patient." *Jacks v. Regis Corp.,*Civ. No. 99-1391, Memorandum Opinion and Order at 2 (D.N.M. April 2001) (Smith, M.J.); *Sturgeon v. ABF Freight Systems, Inc.,* Civ. No. 02-1317, Memorandum Opinion and Order at 2-4 (D.N.M., Jan. 2014) (Browning, J.O.). The parties must have their expert(s) ready to be deposed at the time they identify them and provide their reports.