IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CHRISTUS ST. VINCENT REGIONAL
MEDICAL CENTER,

        Plaintiff/Counter-Defendant,

        v.                                                                                                        No. 1:15-cv-00942-WJ-KBM

DISTRICT 1199NM, NATIONAL UNION OF
HOSPITAL AND HEALTHCARE
EMPLOYEES, AFL-CIO, AFSCME

        Defendant/Counter-Plaintiff.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION
and
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT**

        THIS MATTER comes before the Court upon Defendant's Motion to Compel Arbitration, filed May 17, 2016 **(Doc. 28)** and Plaintiff's Motion for Summary Judgment or in the alternative, Summary Adjudication, filed August 26, 2016 **(Doc. 43)**. Having reviewed the parties' briefs and applicable law, I find that Defendant's motion to compel has merit and shall be granted, and that Plaintiff's summary judgment motion shall be denied as moot.

BACKGROUND

        This is an action arising out of alleged breaches of the parties' 2014 collective bargaining agreement ("CBA") for the Nurse bargaining unit ("Union"). Federal jurisdiction is alleged pursuant to §301 of the LMRA, 29 U.S.C. §185 and 29 U.S.C. §185, as well as the National Labor Relations Act, 29 U.S. Code § 151, et seq.; and the Labor Management Relations Act, 29 U.S. § 141, et seq.[1] The alleged CBA breach centers on the discipline and subsequent

---

[1] 29 U.S.C. §185(a) states:

termination of employee and Union member Diane Spencer. The Union contends that Plaintiff ("the Hospital") disciplined Ms. Spencer without just cause and in retaliation for Ms. Spencer's engaging in Union activities.

Count I of the Complaint seeks a federal declaration of the meaning of a disputed clause of the CBA, and Count II alleges that Defendant breached that clause, §30.12 of the CBA, by seeking arbitration of Ms. Spencer's grievances ("Spencer grievances") when it already selected the National Labor Relations Board ("NLRB") to adjudicate the matter. Plaintiff contends that as a result, the grievances are not arbitrable because the Union waived the right to grieve when it elected the NLRB as an alternative forum to resolve the dispute. Defendant counterclaims that Plaintiff has rejected the Union's request to arbitrate the Spencer grievances and seeks a judicial declaration that Plaintiff is obligated to do so. Doc. 12. The parties also disagree about whether this Court or an Arbitrator should determine the arbitrability of the parties' dispute.

Ms. Spencer was disciplined on three separate incidents: July 25, 2012, January 17, 2013 and October 28, 2014, with the latter being a final warning. The Union filed a grievance about the final warning ("Discipline Grievance"), and on January 28, 2015, the Union filed demand for arbitration with Federal Mediation and Conciliation Service ("FMCS") regarding the Discipline Grievance. On April 8, 2015, the Union also filed an unfair labor practice charge ("ULP's") with Region 28 of the NLRB (the "Charge").

On April 21, 2015, Ms. Spencer was again disciplined and subsequently terminated from her employment at Christus St. Vincent. That same day, the Union filed a grievance concerning the termination (the "Termination Grievance"). May 13, 2015, the Union filed an amended ULP

---

Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties.

charge with Region 28 of the NLRB (the "Amended Charge"), alleging that Plaintiff had targeted Ms. Spencer within the last six months for discipline and termination due to her "outspoken participation" in Union activities. The NLRB declined to issue a complaint based on the Amended Charge, and the Union withdrew the Amended Charge.

## DISCUSSION

The threshold question is whether the Arbitrator has the authority to decide issues of arbitrability, and if the Court is to decide such matters, then the question is whether the Spencer Grievances are arbitrable or waived.

There are three bargaining units of Plaintiff's employees which are represented by the Union, each with their own CBA. The Hospital and the Union are parties to the Nurse CBA effective October 14, 2014 through August 31, 2017.[2] The parties' dispute involves the Nurse CBA. The Nurse CBA contains a bargained-for provision concerning the parties' respective rights to pursue grievances through arbitration, specifically, Article 30, §30.12 of the Nurse CBA which provides as follows:

> 30.12. It is the intention of the parties that the grievance procedure set forth herein shall be **the sole and exclusive remedy** of the parties for any alleged breach of this Agreement.  Therefore, resort to any other remedy at law or at equity, administrative or judicial, **shall constitute a waiver of the grievance.**

See Compl., ¶9 (emphasis added); Doc. 12-1 at 2 (Ex. A to counterclaim).  This section is also referred to as the "Election of Forum Clause." *Id.*  Defendant contends that the Hospital incorrectly relies on §30.12 of the CBA to argue that the Union has waived the right to arbitration because it did not seek to remedy an "alleged breach of [the] Agreement" under the Election Forum Clause, but rather it alleged a violation of federal law under the National Labor Relations Act.  The Union therefore argues that it has not breached that provision in the CBA.

---

[2] Technical workers and Service and Maintenance workers make up the other two bargaining units.

I.      **Arbitrator Should Decide Questions of Arbitrability**

The Union insists that this matter is strictly a labor dispute which a long line of federal precedent requires should be submitted for arbitration.  *See United Steelworkers v. American Mfg. Co., 363 U.S. 564 (1960); United Steelworkers v. Warrior & Gulf Navigation Co., 363 U.S. 574 (1960); United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960) (known collectively as the "Steelworkers Trilogy"); see also Operating Engineers Local 150 v. Flair Builders, Inc., 406 U.S. 487 (1972)*.  Section 301 of the LMRA assigns the courts the "duty of determining whether the reluctant party has breached his promise to arbitrate."  *Warrior & Gulf Nav. Co.*, 363 U.S. at 582.  There are limits, however, to the judicial inquiry:

> . . .  arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit. Yet, to be consistent with congressional policy in favor of settlement of disputes by the parties through the machinery of arbitration, the judicial inquiry under s 301 must be strictly confined to the question whether the reluctant party did agree to arbitrate the grievance or did agree to give the arbitrator power to make the award he made. **An order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute**.  Doubts should be resolved in favor of coverage.

*Warrior & Gulf Nav. Co.*, 363 U.S. at 582-83 (emphasis added).

Plaintiff claims that a result of the parties' negotiation over the grievance and arbitration procedure, the parties agreed that an arbitrator would not have the authority to decide issues of arbitrability.  Plaintiff points to deposition testimony supporting its position that certain language in the CBA had been proposed by the Hospital, but rejected by the Union. Ex. D at 63:15-64:8, 72:7-20; Ex. G.  Plaintiff proposed to add the following provision:

> The Arbitrator shall decide issues of arbitrability **prior to hearing the merits of the case**.  If the Arbitrator determines the case is arbitrable then the Arbitrator shall consider the facts of the grievance. . . .

4

*Id.* (emphasis added). Notes taken during negotiations do show that this provision was crossed out.  Doc. 33-7 at 6.  Defendant contends that the Union's rejection of this language cannot be read to indicate that the Union instead intended for a *court* to determine arbitrability questions, and explains that Union's rejection of this language was based on a desire not to have the Arbitrator consider arbitrability questions "*prior to*" rather than *as a part of* the "hearing on the merits of the case."  Defendant argues that Plaintiff's gloss on that language—that the Union intended for a court to routinely determine arbitrability issues—would be contrary to background black-letter case law.  *See AT&T Technologies, Inc. v. communications Workers of America,* 475 U.S. 643, 649 (1986) ("Whether 'arguable' or not, . . . the union's claim that the employer has violated the collective-bargaining agreement is to be decided, not by the court asked to order arbitration, but as the parties have agreed, by the arbitrator."); *American Mfg. Co.,* 363 U.S at 567-568 ("The function of the court is very limited when the parties have agreed to submit all questions of contract interpretation to the arbitrator.  It is confined to ascertaining whether the party seeking arbitration is making a claim which on its face is governed by the contract.").   The Court agrees with Defendant's position that the negotiations do not show an intent to have the courts decide issues of arbitrability, nor have the parties agreed to have a court decide those issues.

      Plaintiff advances the argument that the Court should decide whether the parties have agreed to submit a particular dispute to arbitration because that question is a "substantive" matter.  Substantive arbitrability deals with whether the dispute relates to matters that the parties agreed to arbitrate, while procedural arbitrability addresses whether parties have satisfied conditions that allow them to use arbitration.  *Howsam v. Dean Witter Reynolds, Inc.,* 537 U.S. 79, 85 (2002).  Here, the "subject matter" of the dispute is whether the Hospital had just cause to

terminate Diane Spencer's employment, while the "procedural issue" is whether the Union waived the grievance under §30.12 of the CBA.

Plaintiff is correct that substantive arbitrability—the question of whether parties have agreed to "submi[t] a particular dispute to arbitration"—is typically an "issue for judicial determination . . . ." *Id.* at 83. However, Plaintiff is over-complicating what is actually a relatively straightforward issue. Here, it is clear that under the CBA, the parties have agreed to submit "grievances" to arbitration, and that such "grievances" includes charges "by either party that the other has violated one or more expressed provisions of this Agreement or a formal disciplinary action taken against a non-probationary associate which the grievant alleges was taken without just cause." Doc. 12, Ex. A at §30.2. This provision would include disputes about whether the employer had just cause to terminate an employee to the arbitration clause of the CBA. Section 7.1.16 of the Management Rights Article reserves as a management right "[d]ecisions concerning the counseling, reprimanding, discipline and discharge of associates for just cause with the specific **understanding that any discipline must be for just cause and that the Union may grieve and arbitrate any such decision under this Agreement**." Doc. 41-1 at 4 (emphasis added). As part of that same Article, the Hospital agreed that it would not refuse to arbitrate a grievance "on the ground that it is not arbitrable under this Agreement." *See* Doc. 41-1 at 6. Further, section 7.5 of the Management Rights Article provides:

> The exercise of management rights in this Article is not subject to the grievance and arbitration procedure of this Agreement, unless the management right is otherwise restricted by a specific provision of this Agreement. **Management will not refuse to arbitrate a grievance under a specific provision of this Agreement** (outside of the management rights set forth above in this Article unless noted otherwise above) **on the ground that it is not arbitrable under this Agreement.**

*Id*. (Emphasis added). The question whether parties have submitted a particular dispute to arbitration—that is, the question of arbitrability—is "an issue for judicial determination [u]nless the parties clearly and unmistakably provide otherwise." *AT & T Technologies, Inc. v. Communications Workers,* 475 U.S. at 649.  Based on the CBA provisions, it certainly cannot be said "with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute."  *Warrior & Gulf Nav. Co.,* 363 U.S. at 582-83.  Therefore, the Court finds that the parties have agreed to submit the Spencer grievance to arbitration and that Defendant's motion to compel shall be granted on that issue.

## II.     Waiver Issue is Matter for Arbitration

Similarly, under the express provisions of the CBA, the question of whether the Union waived its right to arbitrate the Spencer grievances is also subject to an arbitrator's determination.  If parties have agreed that the "subject matter" would be arbitrated, "procedural" questions which grow out of the dispute and bear on its final disposition should be left to an arbitrator:

> We think that labor disputes of the kind involved here cannot be broken down so easily into their "substantive" and "procedural" aspects. Questions concerning the procedural prerequisites to arbitration do not arise in a vacuum; they develop in the context of an actual dispute *557 about the rights of the parties to the contract or those covered by it.

*John Wiley & Sons, Inc. v. Livingston*, 376 U.S. 543, 556–57 (1964) (rejecting argument that questions regarding whether "procedural" conditions to arbitration have been met must be decided by the court and not the arbitrator); *Flair Builders, Inc.,*  406 U.S. 487, 490 (1972) ("procedural" questions which grow out of the dispute and bear on its final disposition should be left to the arbitrator).  The Hospital's affirmative defense that the Union waived the grievance pursuant to Section 30.12 is precisely the type of "procedural" issue that *John Wiley & Sons*

requires to be resolved by an arbitrator. *Id.* (the policy behind federal labor law requires that procedural disagreements should be regarded "not as separate disputes but as aspects of the dispute which called the grievance procedures into play").

The Hospital also claims that the Spencer grievance is not arbitrable based on its interpretation of §30.12 of the CBA and the fact that the Union filed a NLRB charge on Ms. Spencer's behalf which is factually parallel to the claims made in the grievance.  *See* Resp. at 21. Section 30.12 states that it is the intention of the parties "that the grievance procedure set forth herein shall be the sole and exclusive remedy of the parties **for any alleged breach of this Agreement**" and resort to any other remedy at law or equity, "administrative or judicial**, shall constitute a waiver of the grievance.**" Doc. 12-1 (emphasis added).  Defendant contends that the filing of unfair labor practices with the NLRB does not seek to remedy a claimed breach of the Agreement, but rather federal law, and analogizes the situation to an employee who pursues statutory remedies if that employee's termination was upheld by an arbitrator.  *See, e.g., McDonald v. City of West Branch*, 466 U.S. 284, 292 (1984) (discharged police officer was not precluded by adverse arbitration decision issued pursuant to a collective bargaining agreement from pursuing his Section 1983 claims in federal court); *Barrentine v. Arkansas-Best Freight System*, 450 U.S. 728, 745 (1981) (adverse arbitration decision issued pursuant to a collective bargaining agreement did not preclude an employee's claim pursuant to the Fair Labor Standards Act); *Alexander v. Gardner-Denver Co.*, 415 U.S. 36 (1974) (adverse arbitration decision issued pursuant to a collective bargaining agreement did not preclude an employee's claim pursuant to Title VII of the Civil Rights Act of 1964).  Thus, despite the similarity of the factual grounds underlying the Union's claim with the NLRB, Defendant contends that the Election Forum clause is not violated.

The waiver issue rests on the meaning of §30.12 of the CBA as it applies to Ms. Spencer's grievance, which in turn implicates contract interpretation.  Because §30.12 is susceptible of an interpretation that covers the waiver issue, and because doubts should be resolved in favor of coverage, the Court finds that an arbitrator should resolve the issue.  *See American Mfg. Co.,* 363 U.S. at 567-568 ("Whether the moving party is right or wrong is a question of contract interpretation for the arbitrator.").  Waiver is also the kind of defense that an arbitrator should decide.  *See Howsam,* 537 U.S. at 79-80 (expectation is that arbitrator would decide procedural questions such as "allegations of waiver, delay or a like defense to arbitrability"); *Flair Builders, Inc.*, 406 U.S. at 490-92 (defense of laches is for arbitrator to decide).

Accordingly, the meaning of §30.12 of the CBA as it applies to the Spencer grievance, and whether the Union has waived arbitrability, is for the arbitrator to decide.   Defendant's motion to compel arbitration is granted on this issue as well.

### III.     Plaintiff's Motion for Summary Judgment and Defendant's Counterclaims

Finally, the Court turns to Defendant's motion for summary judgment, which needs little discussion.  In that motion, Plaintiff contends that it is entitled to the relief requested in its complaint for declaratory relief because the undisputed evidence demonstrates that the Spencer grievances are not arbitrable and also shows that the Union has breached the CBA by pursuing duplicative claims.

Plaintiff's summary judgment motion must be denied as moot, based on the Court's findings that  Parties have agreed to submit the Spencer grievance to arbitration, and that the waiver issue is for the arbitrator to decide.

In addition, because the relief requested in Defendant's counterclaims are the same as the relief requested in Defendant's motion to compel, Defendant's counterclaims are also denied as moot.

## CONCLUSION

In sum, the Court finds and concludes that under the terms of the CBA, the parties have agreed to submit the Spencer grievance to arbitration and that Defendant's motion to compel shall be granted on that issue. The Court further finds and concludes that the meaning of §30.12 of the CBA as it applies to the Spencer grievance, and whether the Union has waived arbitrability, is for the arbitrator to decide, and Defendant's motion to compel is granted on that issue as well.

Finally, Plaintiff's summary judgment motion and Defendant's counterclaims are denied as moot for reasons described in this Memorandum Opinion and Order. In addition, because the relief requested in Defendant's counterclaims are the same as the relief requested in Defendant's motion to compel, Defendant's counterclaims are also denied as moot.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Compel Arbitration **(Doc. 28)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order;

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment or in the alternative, Summary Adjudication **(Doc. 43)** is hereby DENIED as MOOT for reasons described in this Memorandum Opinion and Order.

A final judgment will be filed separately.

_____
UNITED STATES DISTRICT JUDGE